IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE S.,[1] | ) |
|     Plaintiff, | ) |
| | ) No. 24 C 222 |
| v. | ) |
| | ) Magistrate Judge |
| MICHELLE KING, Acting | ) Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Willie S.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [12] is denied, and the Commissioner's cross-motion for summary judgment [19] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Michelle King has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 14, 2021, Plaintiff filed a claim for DIB, alleging disability since July 1, 2000. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on June 22, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Plaintiff amended his alleged onset date to July 1, 2020.

On August 21, 2023, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of July 1, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: chronic systolic congestive heart failure (CHF) status-post aortic valve replacement;

obesity; and possible hypersensitivity pneumonitis with old lung scarring. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; can have no work around unprotected heights or unprotected dangerous moving machinery; and can have no concentrated exposure to dusts, fumes, gases, poor ventilation, extreme cold, extreme heat, humidity, or vibrations such as vibrating tools or work surfaces. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a conveyor belt monitor, picker, or material handler. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

3

months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also*

5

*Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

In seeking to reverse the Commissioner's decision, Plaintiff argues that an updated medical expert review was necessary. More specifically, Plaintiff contends that an updated medical expert review was required to determine "what restrictions his lung impairment causes and whether it singly or in combination with his other impairments meets or equals listing 3.02." ([12] at 5.) Pertinent to that argument, the ALJ assessed Listing 3.02 as follows in her decision:

> Specifically, regarding Listing 3.02, upon pulmonary function testing twice, in May and November 2022, his FEV1 was well above 1.60, his FVC was well above 1.70, and DLCO was well above 11.5 each time. There is no evidence in file that he had impairment of gas exchange to meet the Listing requirement. Moreover, he did not require three respiratory hospitalizations within a 12-month period of at least 30 days apart with each hospitalization lasting at least 48 hours.

(R. 34 (citations omitted).)

The Court finds Plaintiff's arguments concerning Listing 3.02 unavailing. "[P]er the regulations, a simple statement that a claimant's impairments do not medically equal a listing generally 'constitutes sufficient articulation.'" *Alejandrina A. v. Kijakazi*, No. 20-CV-4089, 2023 WL 2539239, at *9 (N.D. Ill. Mar. 16, 2023) (citations omitted). Here, per the analysis quoted above, the ALJ met the minimal articulation requirements in determining Listing 3.02 was not met or equaled. Plaintiff contends that error occurred because the State agency consultants "neglected to evaluate Plaintiff's lung disease adequately" and "failed to consider

6

whether [his] impairments meet or equal a listing." ([21] at 3-4.) This argument fails because ALJs – not medical experts – are "responsible for deciding the ultimate legal question whether a listing is met or equaled." *Dawn M. v. O'Malley*, No. 22 C 4424, 2024 WL 3580610, at *2 (N.D. Ill. July 16, 2024) (citation omitted). In evaluating whether an individual's impairment meets or medically equals a listing, ALJs "at the hearings level *may* ask for and consider evidence from medical experts (ME) about the individual's impairment(s), such as the nature and severity of the impairment(s)." *Jiri K. v. Kijakazi*, No. 20 C 7621, 2022 WL 2704058, at *4 (N.D. Ill. July 12, 2022) (citations omitted, emphasis in original). "And if an ALJ determines that the evidence does not reasonably support a finding of medical equivalence, the ALJ can find that the claimant does not equal the listing without obtaining evidence from a medical expert." *Id.* (citations omitted). In this case, the ALJ reasonably determined that Listing 3.02 was not met or equaled, and she was not required to obtain an updated medical expert review concerning the listing.

More generally, an ALJ must only seek an additional medical opinion if there is potentially decisive evidence that postdates the State agency consultant's opinion. The pertinent question is whether the new information "changed the picture" to an extent that the ALJ erred by continuing to rely on a medical opinion not based on the entirety of the record. *See Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016); *see also Massaglia v. Saul*, 805 F. App'x 406, 410 (7th Cir. 2020) ("An ALJ may rely on a reviewing physician's assessment unless later evidence containing new, significant medical diagnoses 'changed the picture so much' that it reasonably could

7

have changed the reviewing physician's opinion.") (citation omitted). In this case, Plaintiff points to certain test results from November 2022 concerning his lung issues, specifically, a CT scan, a CTA scan, and a PFT. ([12] at 7.) However, these results showed a mild lung condition and mild dependent changes at the lung base. (R. 39.) Furthermore, the testing "returned improved results since testing six months earlier." (*Id.*) Under the circumstances, the Court finds that the additional medical records Plaintiff points to did not "change the picture" to an extent that would require an updated medical expert review.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse the Commissioner's decision [12] is denied, and the Commissioner's cross-motion for summary judgment [19] is granted.

**SO ORDERED.**  **ENTERED:**

**DATE:    January 28, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

8